NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LOUIS EUGENE MANZI,

                Plaintiff-Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                Defendant-Appellee.

No.    21-55450

D.C. No. 5:20-cv-01292-JEM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John E. McDermott, Magistrate Judge, Presiding

Argued and Submitted March 16, 2022
San Francisco, California

Before:  W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

      Louis Eugene Manzi appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Manzi's application for disability

insurance benefits under Title II of the Social Security Act.  The district court had

jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. §

1291.  We review the district court's decision *de novo*, *Attmore v. Colvin*, 827 F.3d

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

872, 875 (9th Cir. 2016), and we affirm.

Substantial evidence supports the ALJ's step three finding that Manzi did not have an impairment or combination of impairments that met or equaled a listed impairment. The ALJ did not err by not considering listing 2.09, loss of speech, where there is no evidence of "inability to produce by any means speech that can be heard, understood, or sustained." *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 2.09.

The ALJ did not err in formulating Manzi's residual functional capacity ("RFC"), and substantial evidence supports the RFC. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (affirming the ALJ's RFC determination where the ALJ "applied the proper legal standard and [her] decision is supported by substantial evidence"). The ALJ reasonably incorporated the limitations assessed by consulting psychologist Robert Bilbrey into the RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ reasonably translated the assessed limitations into concrete work restrictions).

We reject as unsupported by the record Manzi's contentions that the ALJ ignored and mischaracterized evidence and failed to address evidence of pain. The ALJ proffered specific, clear, and convincing reasons to discount Manzi's symptom testimony as inconsistent with and unsupported by the record, and based on evidence of exaggerated symptoms. *See Carmickle v. Comm'r, Soc. Sec.*

*Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (ALJ may discount a claimant's testimony if inconsistent with the medical evidence); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider a lack of corroborating medical evidence as one factor in a credibility determination); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (evidence of exaggerated symptoms undermined credibility).

The ALJ did not err in determining, at step five, that jobs existed in significant numbers in the national economy that Manzi could perform. Manzi's arguments concerning the ALJ's step five finding repeat his allegations that the ALJ erred in evaluating the medical evidence and his testimony. Because Manzi did not show error in the earlier analysis, these arguments lack support. *See Stubbs-Danielson*, 539 F.3d at 1175–76.

**AFFIRMED.**

21-55450